## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**RORY CONRAD**                                                        **CIVIL ACTION**

**VERSUS**                                                                  **No. 23-3599**

**STATE FARM FIRE &**                                            **SECTION I**
**CASUALTY COMPANY**

### ORDER & REASONS

Before the Court is defendant State Farm Fire & Casualty Company's ("defendant") motion[1] to dismiss plaintiff Rory Conrad's ("plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not filed any opposition to the motion, and the deadline for doing so has passed.[2] For the reasons that follow, the Court grants defendant's motion to dismiss.

### I.    BACKGROUND

This case involves an insurance dispute.[3] Plaintiff alleges that Hurricane Ida caused significant damage to his property, which is located at 600 Victory Drive, Westwego, LA 70094.[4] Plaintiff also alleges that, at the time of the damage, his property was covered by a policy issued by defendant bearing the policy number 182590673.[5] Plaintiff asserts that defendant breached the insurance contract primarily by failing to timely tender funds owed to plaintiff despite having adequate

---

[1] R. Doc. No. 25.
[2] The motion was set for submission on March 6, 2024. Therefore, pursuant to Local Rule 7.5, plaintiff's response was due on February 27, 2024.
[3] *See* R. Doc. No. 1, ¶¶ 9–14.
[4] *Id.* ¶¶ 6, 11, 14.
[5] *Id.* ¶¶ 6–7.

proof of loss.[6] Plaintiff also asserts that he is entitled to bad faith damages for violations of Louisiana Revised Statutes § 22:1892 and § 22:1973.[7]

On February 9, 2024, this Court granted plaintiff's attorneys' motion to withdraw as counsel of record and ordered plaintiff to advise the Court whether he intended to represent himself in this matter or whether he intended to enroll new counsel no later than March 1, 2024.[8] The Court cautioned plaintiff that failure to notify the Court about his decision by March 1, 2024 could result in the dismissal of this lawsuit.[9] Plaintiff has not yet notified the Court of his decision.

On February 15, 2024, defendant filed the present motion to dismiss pursuant to Rule 12(b)(6), arguing that plaintiff is not an insured of the policy and therefore has no contractual right to seek damages pursuant to the policy.[10] As mentioned, plaintiff has not filed any response.

## II.    STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state

---

[6] *Id.* ¶¶ 26–28.

[7] *Id.* ¶ 30.

[8] R. Doc. No. 24, at 1. The Court mailed a copy of this order to plaintiff at his last known address, which was provided to the Court by plaintiff's former attorneys in their motion to withdraw. *See* R. Doc. No. 21, at 1.

[9] R. Doc. No. 24, at 1–2.

[10] R. Doc. No. 25, at 1. Defendant also filed a motion to opt out of this Court's Hurricane Ida Streamlined Settlement Program. R. Doc. No. 27. The U.S. Magistrate Judge assigned to this matter granted that motion in part "solely to enable [defendant] to pursue its motion to dismiss." R. Doc. No. 28, at 3.

a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the [plaintiff's] claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation and internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to [the] plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in [the] plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). A court must limit its review to "the complaint,

3

any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### III.   ANALYSIS

Defendant argues that plaintiff's claims against it should be dismissed because plaintiff is not a named insured, an additional insured, or a third-party beneficiary of the policy.[11] For purposes of deciding defendant's motion to dismiss, the Court considers the policy as well as plaintiff's complaint because the policy is central to plaintiff's claim and referenced by the complaint. *See Lone Star Fund*, 594 F.3d at 387. Upon review, the Court finds that, because plaintiff is not a named insured, additional insured, or third-party beneficiary of the policy, his complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Pursuant to Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). Louisiana law provides that "only a named insured, additional insured, or third-party beneficiary may bring suit under an insurance policy." *Axis Surplus Ins. Co. v. Third Millennium Ins. & Fin. Servs.*, 781 F. Supp. 2d 320, 323 (E.D. La. 2011) (Vance, J.). "A court looks to the language of the policy to determine whether a plaintiff is a named insured, additional insured, or third-party

---

[11] R. Doc. No. 25-2, at 3.

beneficiary." *Tardo v. Integon Nat'l Ins. Co.*, No. 23-296, 2023 WL 2757088, at *2 (E.D. La. Apr. 3, 2023) (Africk, J.) (citing *Graphia v. Balbao Ins. Co.*, 517 F. Supp. 2d 854, 856 (E.D. La. Sept. 28, 2007) (Vance, J.)).

Plaintiff is neither a named insured nor an additional insured of the policy. The complaint alleges that "[d]efendant insured [p]laintiff's property" and that the insurance policy is "an insurance contract between [d]efendant and [p]laintiff."[12] However, the policy itself clearly indicates that Barbara B. Downey is the named insured.[13] Thus, plaintiff is not a named insured of the policy pursuant to which he claims amounts are owed. *Moton v. Underwriters at Lloyd's London*, No. 22-3634, 2023 WL 5804365, at *2 (E.D. La. Sept. 7, 2023) (Milazzo, J.) (finding that a plaintiff was not a named insured under similar circumstances); *Tymon v. State Farm Fire & Cas. Co.*, No. 23-5571 2023 WL 8622180, at *2 (E.D. La. Dec. 13, 2023) (Fallon, J.) (same).

Additionally, plaintiff's complaint appears to assert his claim only "as property owner and does not allege any facts that could support a finding that [he] is an additional insured according to the [p]olicy provisions." *Moton*, 2023 WL 5804365, at *3; *see also Tymon*, 2023 WL 8622180, at *2. Plaintiff has therefore failed to plausibly allege that he is either a named insured or an additional insured of the policy.

Likewise, plaintiff's complaint does not suggest that he is a third-party beneficiary of the policy. As stated, Louisiana law permits enforcement of policies by

---

[12] R. Doc. No. 1, ¶¶ 6–7.
[13] R. Doc. No. 25-3, at 3.

intended third-party beneficiaries in addition to enforcement by the named insured or additional named insured. *Axis Surplus Ins. Co.*, 781 F. Supp. at 323. "Under Louisiana law, a third-party beneficiary must be created by contract, known as a stipulation *pour autri*, and is never presumed. To establish a stipulation *pour autri*, a party must demonstrate that: '(1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee.'" *Johnson v. Am. Sec. Ins. Co.*, 650 F. Supp. 3d 483, 488–89 (E.D. La. 2023) (Vitter, J.) (quoting *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006)). Plaintiff's complaint cites no portions of the policy demonstrating any such "manifestly clear" stipulation. Accordingly, the Court finds that plaintiff has not plausibly alleged that he is a third-party beneficiary of the policy. *See Moton*, 2023 WL 5804365, at *3; *Tymon*, 2023 WL 8622180, at *2.

Plaintiff also asserts claims against defendant for violations of statutory duties of insurance carriers pursuant to Louisiana Revised Statutes § 22:1892 and § 22:1973.[14] These claims "rely on the existence of a valid, underlying insurance claim." *Fontenot v. Great Am. Assurance Co.*, No. 23-2062, 2023 WL 6065152, at *4 (E.D. La. Sept. 18, 2023) (Africk, J.) (citing *Gisclair v. Great Am. Assurance Co.*, No. 22-3556, 2023 WL 1765922, at *7 (E.D. La. Feb. 3, 2023) (Morgan, J.) and *Riley v. Sw. Bus. Corp.*, No. 06-4884, 2008 WL 4286631, at *3 (E.D. La. Sept. 17, 2008) (Vance,

---

[14] *See* R. Doc. No. 1, ¶ 30.

J.)). "Because plaintiff is not entitled to coverage under the [p]olicy, these claims also lack a plausible basis." *Id.* at \*4.

As discussed, plaintiff is not a named insured, additional insured, or third-party beneficiary of the policy. His complaint therefore fails to state a claim against defendant pursuant to Rule 12(b)(6).

### IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**. Plaintiff's claims against defendant are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, March 11, 2024.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**